**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Russell DeFreitas, and on behalf of same similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>Anthony Senft, Suffolk County Supreme Court Judge, Jacob Kubetz, Suffolk County Assistant District Attorney, and Christopher C. Brocato, attorney at law,<br>Defendants. | 2:24-cv-6320<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On October 15, 2024, the Court denied Plaintiff Russell DeFreitas's ("DeFreitas") motion to proceed in forma pauperis and ordered DeFreitas to pay the filing fee within twenty-one (21) days of the Order. (Order, ECF No. 12.) The Court warned DeFreitas that if he failed to pay the filing fee his claims would be dismissed without prejudice and judgment would be entered without further notice. (*Id.*) The Order was mailed to DeFreitas at his address of record and has not been returned to the Court as undeliverable.

The Court has considered the five relevant factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure as set forth in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

768 F.3d 212, 216 (2d Cir. 2014).

Balancing these factors, it is appropriate to dismiss this action for failure to prosecute under Rule 41(b). DeFreitas has failed to pay the filing fee within twenty-one days of the Court's October 15, 2024 Order as required. Moreover, given DeFreitas's failure to respond to the Court's October 15, 2024 Order or to otherwise communicate with the Court about this case in the intervening two months, it appears that DeFreitas has abandoned this case. DeFreitas has not only failed to comply with this Court's Order for two months, he was on notice that such failure would result in dismissal of this action. Defendants will be prejudiced by further delay. Moreover, dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with DeFreitas's interest in being heard.

Accordingly, the Complaint is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of the Court shall mail a copy of this Memorandum and Order to DeFreitas at his address of record, include the notation "Legal Mail" on the envelope, and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 13, 2024

                                      /s/ Nusrat J. Choudhury
                                      NUSRAT J. CHOUDHURY
                                      United States District Judge